IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES T. REED, #08798                                                                                PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 3:06cv296HTW-LRA

CAROL SWILLEY, KAREN ROWZEE,
and SARAH RATCLIFF                                                                              DEFENDANTS

### MEMORANDUM OPINION

This cause is before the Court, sua sponte, for consideration of dismissal. Plaintiff Reed, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Wilkinson County Correctional Facility, Woodville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983, requesting injunctive relief. The named defendants are: Carol Swilley, Circuit Court Clerk for Rankin County, Mississippi; Karen Rowzee, Court Reporter; and Sarah Ratcliff, Court Reporter.

Plaintiff is currently serving a term of life imprisonment stemming from a criminal conviction for armed robbery from Rankin County, Mississippi.[1] The plaintiff's complaint revolves around his request to obtain court documents from the named defendants. The plaintiff states that he has requested a copy of the Grand Jury proceedings related to his armed robbery charge and conviction. The plaintiff maintains that these documents are needed in order for him to properly file a motion for post-conviction collateral relief challenging his armed robbery conviction in the state courts. The plaintiff complains that he has written each defendant at least

---

[1] This information is pursuant to the Mississippi Department of Corrections online records which also states that plaintiff is serving a ten- year sentence for aggravated assault from Sunflower County, Mississippi.

once "to no avail." Compl., p.7. The plaintiff also states that he filed a petition for production of records in the Rankin County Circuit Court on July 20, 2005, which he supplemented on November 22, 2005. Thereafter, the plaintiff submitted a "petition for writ of mandamus for the Rankin County Circuit Court" to the Mississippi Supreme Court, which was filed on January 27, 2006, cause number 2006-M-00157. This request for mandamus relief was denied by the Mississippi Supreme Court on February 23, 2006, and the plaintiff's subsequent motion for reconsideration was also denied by the Mississippi Supreme Court. Attachment to Complaint, [doc. 11].

The plaintiff is requesting that this Court grant his request for the production of specific documents along with "any [and] all other orders of [the] Grand Jury proceedings [in] its entirety for [the] July term of 1985," related to his criminal case. Compl., p. 18.

## Analysis

Federal Courts are courts of limited jurisdiction and "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). This Court may sua sponte raise the jurisdictional issue at any time and in fact has a "continuing obligation to examine the basis for jurisdiction." MCG, Inc. v. Great W. Energy Corp., 896 F.2d 170, 173 (5th Cir.1990)(See also Burge v. Parish of St. Tammany, 187 F.3d 452, 465-66 (5th Cir.1999)).

In order to have a viable claim under 42 U.S.C. § 1983, the Plaintiff must allege that he was deprived of a right secured by the Constitution and the laws of the United States and the person depriving plaintiff of this right acted under color of any statute of the State. Daniel v.

Ferguson, 839 F.2d 1124 (5th Cir. 1988).  Although the Court certainly has jurisdiction over § 1983 claims, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits."  See Hale v. Harney, 786 F.2d 688, 691 (5th Cir.1986).

As the Fifth Circuit has explained, "[t]he Supreme Court has definitively established, in what has become known as the Rooker-Feldman doctrine, that 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'"  Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000)(citing Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir.1994))(citations omitted).[2]  "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court."  Weekly, 204 F.3d at 615.  "This jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those in which the constitutional claims presented ... are inextricably intertwined with the state court's grant or denial of relief."  Hale v. Harney, 786 F.2d 688, 691 (5th Cir.1986).

In essence, the plaintiff is requesting that this Court nullify the decision of the Mississippi Supreme Court that denied his petition for a writ of mandamus and order the defendants to perform the task requested in his petition for production of records.  This Court simply does not have jurisdiction to entertain the plaintiff's cause of action and to grant the requested relief in this action.

---

[2]Referencing Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

Conclusion

As discussed above, this Court does not have jurisdiction to review, modify, or nullify final orders of state courts.  Consequently, plaintiff's cause of action will be dismissed for this Court's lack of jurisdiction.

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the 29th day of January, 2007.

                               s/ HENRY T. WINGATE
                               CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:06-cv-296 HTW-LRA
Memorandum Opinion